# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                      Criminal No. 87-00408 WJ

JESUS MANUAL SALGUEIDO,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION and DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT OF RECORD

THIS MATTER comes before the Court upon the Government's Motion to Dismiss for Lack of Jurisdiction, filed May 16, 2017 **(Doc. 11)** and Defendant's Motion for Expungement of Record, filed April 6, 2017 **(Doc. 7)**.[1] Having reviewed the parties' briefs and applicable law, the Court finds that the Government's motion is well-taken and is therefore granted, and that Defendant's motion is not well-taken and is therefore denied.

## BACKGROUND

The Court addresses both of these motions at once because granting one results in the denial of the other. Defendant, proceeding *pro se,* petitions this Court to expunge a thirty year-old conviction.[2] In 1987, Defendant was arrested for possession of cocaine. He pled guilty to

---

[1] Defendant filed no response to the Government's motion.

[2] Expunging a criminal record entails "sealing or destroying the record of a criminal conviction after expiration of a certain time." *U.S. v. Johnson,* 941 F.2d 1102, 1111 (10th Cir. 1991).

misdemeanor possession under 21 U.S.C. §844, and was sentenced to one-year imprisonment.[3] Defendant, who currently lives in Anaheim, California, seeks expungement on the grounds that for the thirty years following his arrest, he has lived a productive life and been a law-abiding citizen. He has a wife and a child and is a successful truck driver. The impetus for his request appears to be related to his immigration status, and he states that his immigration lawyer recently advised him that he needed to have his New Mexico conviction expunged before he could proceed with his case.

## DISCUSSION

Because Defendant is proceeding *pro se*, this Court may construe Defendant's pleadings as one brought under 28 U.S.C. § 2255. *U.S. v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993); (construing pleadings by pro se defendant liberally and as a post-conviction proceeding under 28 U.S.C. § 2255).

A federal district court has the authority to order expunction, but the power is not unfettered. *U.S. v. Friesen*, 853 F.2d 816, 817–18 (10th Cir. 1988) ("Expunction is committed to the discretion of the trial court, but it is not a remedy to be granted frequently."). Such power is a narrow one, and has been exercised to remove the effects of unconstitutional prosecution. *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir. 1977) (federal courts have power to order expungement of a conviction on habeas review) (citations omitted). Federal courts may, in extreme cases, expunge a federal conviction that has, in some manner, been invalidated. *Pinto*, 1 F.3d at 1070; *see Bromley*, 561 F.2d at 1364 (federal courts have power to order expungement of a conviction on habeas corpus review); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (collecting cases); *U.S. v. Harris*, 847 F.Supp.2d 828 (D. Md. 2012) (ancillary

---

[3] As the Government observes, there are few documents pertaining to this criminal case other than the docket report that was attached to Defendant's petition.

jurisdiction available if conviction is unlawful or unconstitutional). Ancillary jurisdiction is not available to expunge a conviction for equitable considerations (such as someone's reputation) unless there is a statute that applies.

The burden of establishing judicial authority to hear a case rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendant's motion, presented in the form of a letter, mentions no legal basis for the expungement he seeks nor does he point to any specific and relevant post-judgment federal rule. The Government argues that Defendant meets none of the circumstances under which this Court has jurisdiction to expunge a conviction, which must be one of the following: (1) when the court has original jurisdiction; (2) when a statute authorizes expungement of a conviction under certain circumstances; or (3) when a court has ancillary or equitable jurisdiction. *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010). The initial presumption is against federal jurisdiction, and courts cannot expand their own authority through judicial decree. *Kokkonen*, 511 U.S. at 377.

A.    Original Jurisdiction

The Government contends that this Court initially had jurisdiction over Defendant's criminal case pursuant to 18 U.S.C. §3231 (giving federal court original jurisdiction over "all offenses against the laws of the United States"), but this authority ended when the district court entered a final judgment. *See Catlin v. United States*, 324 U.S. 229, 233 (1945) (observing that final decisions are ones that end "the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Because the sentencing in this case is almost thirty years old, and the Government notes that none of the various post-judgment motions available under Fed.R.App.P.4(a)(4)(A)(i)–(vi) applies here.

B.    <u>Statutory Jurisdiction</u>

At first blush, it seems that the Court may have statutory authority to expunge Defendant's conviction under 21 U.S.C. § 3607 (1988), which addresses special probation and expungement for drug possessors and applies to first-time drug offenders. *Pinto*, 1 F.3d at 1070. In order to be eligible under § 3607, also called the Federal First Offender Act ("FFOA"), the defendant must be a first-time violator of drug laws and not have previously received first-offender treatment. However, the Government acknowledges that while the FFOA (21 U.S.C. § 3607) may afford a defendant some relief, it does not apply here. Under § 3607(a), a court may sentence a defendant to probation for possession offenses under § 844 if he or she does not have any other state or federal offenses and has not previously received probation for a previous offense. If a court imposes the probated sentence, then under § 3607(c) it has statutory authority to later expunge the probation. Therefore, by its plain terms, the statutory expungement authority set forth in § 3607(c) is only applicable in cases in which a defendant initially received a probated sentence. *See Vasquez-Velezmoro v. U.S. I.N.S.*, 281 F.3d 693, 697 (8th Cir. 2002) (only persons who receive no more than this one-year sentence of probation are eligible for the FFOA's benefits, namely dismissal of proceedings against them without the entering of a judgment of conviction). Defendant does not meet the conditions for expungement under this statute because when Defendant was sentenced, he was sentenced to a year of imprisonment and therefore § 3607(c) does not give this Court statutory jurisdiction to grant Defendant the relief he seeks.

C.    <u>Equitable Jurisdiction</u>

The United States Court of Appeals for the Tenth Circuit has held that a court has equitable powers to expunge a conviction only when there is a finding that the conviction was

"unconstitutional, illegal, or obtained through government misconduct." Defendant's conviction does not fall into any of these categories.

The Court agrees with the Government that under Tenth Circuit precedent, Defendant cannot be granted the relief he seeks. In *Pinto*, for example, the Tenth Circuit rejected the defendant's petition to expunge her conviction for conspiracy to defraud the United States and filing a false tax return. The defendant complained that her status as a convicted felon disrupted many aspects of her life and interfered with her efforts to rebuild her life, but the district court concluded that it was without jurisdiction and dismissed the petition. 1 F.3d at 1070. The Tenth Circuit affirmed the dismissal and found defendant's arguments to be "insufficient as a matter of law" because the conviction was neither unconstitutional, illegal, nor obtained through government misconduct. *Id.*

In this case as well, Defendant focuses on the difficulties he has had to endure in life as a consequence of his conviction. However, as the court in *Pinto* observed, these harms are the "natural and intended collateral consequences" of a conviction. *Id.* (citation omitted). It is unfortunate indeed that the negative consequences of certain decisions Defendant made some thirty years ago will continue to affect his life, and the Court is sympathetic to Defendant's situation especially since he is married, is a father, is gainfully employed and has been living a law-abiding life. However, as a matter of law, Defendant's arguments are insufficient to establish an equitable basis for expungement and the Court therefore finds and concludes that there are no legal grounds which allow this Court to grant Defendant the relief he seeks in the form of expungement of his conviction.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion to Dismiss for Lack of Jurisdiction (**Doc. 11**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Defendant's Motion for Expungement of Record (**Doc. 7**) is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE