IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESUS MANUEL SALGUEIDO**,

       Petitioner,

vs.                                                    Criminal No. 87-cr-408-WJ

**UNITED STATES OF AMERICA**,

       Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Jesus Manuel Salgueido's ("Petitioner") "Petition for a Writ of Error Coram Nobis," filed June 1, 2025. *See* **Doc. 13**. The United States filed a Response in Opposition (**Doc. 14**) after which Petitioner filed a Reply (**Doc. 15**).

For the reasons that follow, the Court **DENIES** the Petition.

## BACKGROUND

On October 9, 1987, Petitioner was charged by criminal complaint with possession of a controlled substance (cocaine), in violation of 21 U.S.C. § 844. **Doc. 6 at 1**. An Information followed. *Id.* **at 2**. And in December of 1987, Petitioner pleaded guilty. *Id.* In January 1988, he was sentenced to one year imprisonment. *Id.*

Of note, during both the plea and sentencing phases of the criminal case, Petitioner was represented by counsel (attorney Ron Lopez). *See* **Doc. 6 at 1**. It's also worth highlighting that Petitioner was unlawfully present in the United States during the course of the proceedings. *See* **Doc. 13 at 2** ("The Petitioner had no lawful immigration status at the time of his plea.").

\* \* \*

On June 1, 2025, new counsel filed the instant Petition for a Writ of Coram Nobis. The Petition asks the Court to: (1) issue a writ of error coram nobis, (2) vacate Petitioner's conviction,

and (3) permit the withdrawal of his guilty plea. **Doc. 13 at 5**. The purported basis of the Petition is "ineffective assistance of counsel," *id.* **at 3**, based on defense counsel's "fail[ure] to advise the Petitioner of the immigration consequences of his guilty plea." ***Ibid.*** Petitioner contends that no discussion of his immigration status ever took place and, had he been properly advised, he would not have entered the guilty plea. ***Ibid.***

According to Petitioner, his "conviction for possession under 21 U.S.C. § 844 makes [him] inadmissible . . . [and] subject to removal from the United States in 1987. To date, the Petitioner remains inadmissible." **Doc. 13 at 4**.

## LEGAL STANDARD

A writ of coram nobis is "an ancient common-law remedy." *United States v. Denedo*, 556 U.S. 904, 910 (2009). The writ is "an extraordinary tool" designed to "correct a legal or factual error." *Id.* at 912–13. In practice, the writ provides a way to collaterally attack a criminal conviction for someone who is unable to seek habeas relief (*viz.*, usually an individual who is no longer in custody). *See Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (citing *United States v. Morgan*, 346 U.S. 502, 507 & 510–11 (1954)). Federal courts have the authority to issue a writ of error coram nobis under the All Writs Act. *See* 28 U.S.C. § 1651.

Although these writs "still serve some valid purposes in today's federal courts," they provide only a limited remedy. *Chiquito v. United States*, 2021 U.S. App. LEXIS 29674, at *2 (10th Cir. Oct. 1, 2021) (unpublished). Understandably, then, a writ of error coram nobis is "the remedy of 'last resort.'" *United States v. Dewitt*, 1991 U.S. App. LEXIS 10681, at *1 (10th Cir. Apr. 17, 1991) (unpublished); *see also Aceituno v. United States*, 132 F.4th 563, 569 (1st Cir. 2025); *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam); *United States v. De Castro*, 49 F.4th 836, 843 (3d Cir. 2022); *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012);

2

*United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Indeed, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (cleaned up).

Prior to obtaining a writ of coram nobis, Petitioner must clear three hurdles. First, he must show he exercised due diligence. Second, he must establish that other remedies are inadequate. And third, Petitioner must show that the purported error is of a fundamental[1] nature. *United States v. Perceval*, 563 F. App'x 592, 594 (10th Cir. 2014) (unpublished).

## DISCUSSION

Petitioner seeks a writ of error coram nobis thirty-seven years after entry of judgment. He says his lawyer provided ineffective assistance of counsel "as articulated by the U.S. Supreme Court in *Padilla*." **Doc. 13 at 3**. In essence, Petitioner argues that he wouldn't have pleaded guilty if he was properly advised of the immigration consequences. *See id.* **at 2, 3, 10**. As such, he requests that his guilty plea be withdrawn, and the judgment of conviction be vacated. *Id.* **at 5**.

### I. No Factual Error

A Petitioner seeking coram nobis relief must assert actual innocence. *See United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994); *United States v. Thody*, 460 F. App'x 776, 779 (10th Cir. 2012) (unpublished); *see also supra* n.1; *but see* **Doc. 15 at 2** (arguing "actual innocence" is not required).

Here, Petitioner does not allege his innocence (nor does he set forth any facts from which innocence can be inferred). Thus, there is no "factual error" for the Court to correct. *Cf. United States v. Lujan*, 2022 U.S. App. LEXIS 34193, at *7–8 (10th Cir. Dec. 13, 2022) (unpublished) (citing *Denedo*, 556 U.S. at 912–13).

---

[1] To meet this burden, "a petitioner must . . . assert his or her 'innocence of the charge.'" *Embrey v. United States*, 240 F. App'x 791, 794 (10th Cir. 2007) (unpublished) (Gorsuch, J.) (citation omitted).

**II. No Legal Error**

But this isn't Petitioner's only obstacle for obtaining coram nobis relief. There is no legal error to correct, either. *Cf. Denedo*, 556 U.S. at 912–13 (explaining coram nobis can correct "legal or factual error[s]").

Petitioner's sentence became final more than two decades before the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010).[2] But coram nobis relief was not sought right after *Padilla* was decided. This counsels against a finding of diligence.[3]

More importantly, though, the Supreme Court held that the rule articulated in *Padilla* "does not have retroactive effect." *Chaidez*, 568 U.S. at 344. This means Petitioner may not seek coram nobis relief based on *Padilla*. *See, e.g., United States v. Manjang*, 634 F. App'x 528, 530 (6th Cir. 2015) (unpublished) ("Because *Padilla* is prospective only, the District Court . . . properly denied [the] petition for a writ of coram nobis."); *Aguila v. United States*, 515 F. App'x 803, 803–04 (11th Cir. 2013) (unpublished and per curiam); *United States v. Martinez*, No. 99-cr-38, 2013 U.S. Dist.

---

[2] In *Padilla*, the Supreme Court held that "counsel must inform [a] client whether his plea carries a risk of deportation." 559 U.S. at 374. The Court went on to state that trial defense counsel's failure to advise a criminal defendant about the deportation consequences violates the Sixth Amendment and *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 366.

[3] Petitioner argues he "remained vigilant" and sought the advice of multiple attorneys. **Doc. 13 at 3–4**. To be fair, Petitioner filed a pro se "Motion for Expungement" in 2017. **Doc. 7**. Back then, the Judgment was still twenty-nine years old. And as the ruling explained, the Court possessed no original, statutory, or equitable jurisdiction to grant the relief sought. **Doc. 12 at 3–5**; *see also* **Doc. 11 at 1**.

Petitioner provides no justification for the delay from 1988 until 2017. He makes no mention of filing a direct appeal or collaterally attacking his conviction. Nor does he provide any justification for the delay from 2017 until now. Because of this, the Court fails to see how Petitioner exercised diligence in filing his petition. As such, the Court assumes—without deciding—that Petitioner did not act diligently in bringing this writ. *Cf. United States v. Frank*, 2024 U.S. App. LEXIS 23182, at *4–5 (10th Cir. Sept. 12, 2024) (unpublished) ("The district court did not abuse its discretion when it denied his petition after concluding this substantial unjustified delay constituted a lack of due diligence."); *United States v. Flores*, No. 89-cr-56, 2013 U.S. Dist. LEXIS 148348, at *6 (S.D. Cal. Oct. 15, 2013) ("Defendant cannot avail himself of the writ of coram nobis to attack his prior conviction because he filed his writ two decades after his conviction, and the relief he seeks is unavailable in light of the non-retroactivity of *Padilla*.").

4

LEXIS 75343, at *6 (D. Nev. May 23, 2013) (noting that "*Chaidez* . . . prevents Defendant from benefitting from the *Padilla* holding").

In the end, it doesn't much matter whether Petitioner's trial defense counsel satisfied the requirements of *Padilla*—because *Padilla* is inapplicable. Judgment was entered on Petitioner's sentence on January 12, 1988 (**Doc. 6 at 2**). So even though the Supreme Court determined the Sixth Amendment requires defense counsel to advise a criminal defendant about the risk of deportation in *Padilla*, the Supreme Court also held that rule does not apply retroactively to a criminal defendant whose conviction became final pre-*Padilla*.

Petitioner's arguments do not demonstrate any factual or legal error occurred—let alone a "fundamental" error—such that granting coram nobis relief is warranted.

## CONCLUSION

The Petition is subject to denial because Petitioner does not meet the stringent requirements for issuance of a writ of error coram nobis (*i.e.*, asserting actual innocence). The lack of retroactive application of *Padilla* is dispositive, too. There is no factual or legal error to correct, so Petitioner is not entitled to this "hen's-teeth rare" writ. *United States v. George*, 676 F.3d 249, 254 (1st Cir. 2012).

**IT IS THEREFORE ORDERED** that the Petition for A Writ of Error Coram Nobis (**Doc. 13**) is **DENIED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE